## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** | : | **CIVIL ACTION** |
| *Plaintiff pro se* | : | |
| | : | |
| **v.** | : | **NO. 22-CV-2704** |
| | : | |
| **38TH JUDICIAL DISTRICT,** | : | |
| *Defendant* | : | |

## MEMORANDUM

NITZA I. QUIÑONES ALEJANDRO, J.                                            JULY 18, 2022

Currently before the Court is a Complaint filed by Plaintiff Avery Miguel Perry, Sr., a self-represented (*pro se*) litigant, in which he raises claims against the 38th Judicial District,[1] based on court proceedings in which he was involved.  Perry seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Perry leave to proceed *in forma pauperis* and dismiss the Complaint, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.      FACTUAL ALLEGATIONS[2]

Perry suffers from Post-Traumatic Stress Disorder ("PTSD"), major depression, and adjustment anxiety disorder.  (Compl. at 6.)[3]  The Complaint describes his tumultuous relationship with a woman named Brianna Paolillo.  (*Id.* at 8-14.)  Relevant here,[4] Perry describes Paolillo as an instigator of events that led to his arrest, prosecution, and imprisonment on two occasions.

---

[1]      The Pennsylvania court system is divided into 60 judicial districts.  *See* 42 Pa. Cons. Stat. § 901(a).  The 38th Judicial District covers Montgomery County, a county within this court's federal jurisdiction.  *Id.*

[2]      The following allegations are taken from the Complaint and public records from which the Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3]      The Court adopts the pagination supplied by the CM/ECF docketing system.

[4]      The Complaint contains detailed allegations against third parties to this lawsuit, including Paolillo, whom Perry has sued in the past.  *See infra* n.6.  The Court recounts only those allegations that pertain to

Perry was charged with certain crimes and incarcerated for a period of time in 2015.[5]  (*Id.* at 11.)  Publicly available dockets from the Montgomery County Court of Common Pleas reflect that Perry ultimately pled guilty to fighting to avoid apprehension/trial/punishment, and resisting arrest in one proceeding, and pled guilty to possession of marijuana in a second proceeding. *Commonwealth v. Perry*, CP-46-CR-0006257-2015 (C.P. Montgomery); *Commonwealth v. Perry*, CP-46-CR-0006122-2015 (C.P. Montgomery).  He was sentenced to a term of imprisonment, a term of probation, domestic violence training, anger management training, and was prohibited to have any contact with Paolillo, among other things.  At the time, Paolillo was pregnant with Perry's child while he was incarcerated; the child was born in January of 2016.  (Compl. at 11.)

Perry was arrested and charged with crimes on March 7, 2016.  (*Id.* at 14.)  According to Perry, his arrest was predicated on lies Paolillo and her mother fabricated about him, allegedly because he had a new girlfriend.  (*Id.* at 14, 16, 17.)  The publicly available docket from the Montgomery County Court of Common Pleas reflects that Perry pled guilty to harassment on May 10, 2016, and was sentenced to "no further penalty."  *Commonwealth v. Perry*, CP-46-CR-0002259-2016 (C.P. Montgomery).  Perry claims he "was given no chance for a defense or [t]o even speak my part because I was a scared child in the face of the court with no family and could not allocate my feelings as an adult while under the pressures of a court setting and not being properly medicated at age 19."  (Compl. at 17.)  He attributes this to the quality of the public defender appointed to represent him, whom he claims, "provided absolutely no defense" and

---

court proceedings in Montgomery County, as those are the only allegations that are relevant to the Defendant named in this case.

[5] Since Perry alleges that his grandfather passed away in 2015, (Compl. at 8, 15), and since he further alleges that his grandfather passed away a day after he was released from prison, (*id.* at 11), it follows that this allegation refers to events that occurred in 2015.

advised him not to speak about his innocence when given the opportunity to speak. (*Id.*) Perry claims that the "38th judicial district aided and abetted [Paolillo and her mother] in facilitation of their perjury and fabricated evidence for their private and personal gains." (*Id.* at 19-20.)

Additionally, Perry's probation was revoked and he was sentenced on October 13, 2016 to a minimum term of imprisonment of one year and a maximum term of imprisonment of two years, which sentence was amended on January 25, 2017, to provide for commitment to a state or county correctional institution. *Commonwealth v. Perry*, CP-46-CR-0006257-2015. Perry alleges that while he was incarcerated, Paolillo "sold" his child to another couple, (Compl. at 14, 17), and that Montgomery County "allowed" this to happen.[6] (*Id.* at 16.) Perry was released from prison on March 7, 2018. (*Id.* at 23.)

Perry alleges that his mental health issues "cause significant impairment and distress including health problems, social problems, and failure to fill obligations at work, school and home." (*Id.* at 19.) He also alleges that his "mental and physical impairments substantially limit many major activities of [his] life." (*Id.*) Perry asserts that he has "been completely denied any chance or thought of opportunity to participate in or benefit from the public service of the courts [sic] programs, services and activities including probationary treatment and legal proceedings."

---

[6]      In a prior lawsuit, Perry sued Paolillo, her mother, and the Montgomery County District Attorney's Office on behalf of himself and his minor child based on the events of March 7, 2016. Perry was informed that he could not pursue claims on behalf of his minor child, and his federal claims were dismissed upon screening for failure to state a claim. *See Perry v. Paolillo*, No. 22-1872, 2022 WL 2209288, at *5 (E.D. Pa. June 21, 2022). Perry's state law claims were dismissed for lack of subject matter jurisdiction without prejudice to his pursuit of those claims in the appropriate state court, and he was informed that "matters of child custody must . . . be handled in state court." *Id.* at *4. He also filed a lawsuit against the attorney appointed to represent him in family court proceedings pertaining to his son. That lawsuit was also dismissed for lack of subject matter jurisdiction without prejudice to Perry "refiling [his] claims in an appropriate state court if he chooses to do so." *Perry v. McIntosh*, No. 22-2206, 2022 WL 2073823, at *2 (E.D. Pa. June 8, 2022) (footnote omitted). Perry's Complaint in the instant matter also recounts events involving an individual allegedly responsible for selling the family home, (*see* Compl. at 26-31), which were the subject of another lawsuit filed by Perry that was dismissed for lack of subject matter jurisdiction. *See Perry v. Stackhouse*, No. 22-2208, 2022 WL 2067955, at *1 (E.D. Pa. June 8, 2022).

(*Id.*; *see also id.* at 20 (alleging that the "38th judicial district has utilized clear criteria and methods that have the effect of subjecting person(s) with disabilities to discrimination on the basis of disability . . . .").)

Perry brings claims against the 38th Judicial District based on these events pursuant to 42 U.S.C. § 1983 for various constitutional violations, and pursuant to Title II of the Americans with Disabilities Act ("ADA").[7]   (Compl. at 5.)   He seeks damages and assorted declaratory and injunctive relief, including expungement of his criminal record, reinstatement of his parental rights, and custody of his son.  (*Id.* at 2.)

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(a)(1), this Court grants Perry leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which

---

[7]     The Complaint also cites various federal criminal statutes.  (Compl. at 5.)  However, these criminal statutes do not give rise to a basis for civil liability, so any claims purportedly based on these statutes must be dismissed.  *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *see also Greenblatt v. Klein*, 634 F. App'x 66, 69 (3d Cir. 2015) (*per curiam*) ("[W]e agree that there is no private cause of action under 18 U.S.C. § 1001."); *Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."); *Topfer v. Topfer*, No. 18-01181, 2018 WL 8997509, at *5 (M.D. Pa. Dec. 10, 2018), *report and recommendation adopted*, 2019 WL 3778709 (M.D. Pa. Aug. 9, 2019) (dismissing claims based on criminal statutes and citing cases holding that 18 U.S.C. § 242 and § 1622 do not provide for a private right of action); *Wolfe v. Beard*, No. 10-2566, 2011 WL 601632, at *2 (E.D. Pa. Feb. 15, 2011) ("[T]here is no private right of action under 18 U.S.C. § 249.").

4

requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  Additionally, a court may dismiss a complaint based on an affirmative defense, such as the statute of limitations "when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  As Perry is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

### A.  Section 1983 Claims

The vehicle by which federal constitutional claims may be brought in federal court is under 42 U.S.C.  § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989), and the Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  Furthermore, states are not considered "persons" who may be liable under § 1983.  *See id.*  Pennsylvania's judicial districts, as part of the unified judicial system, are arms

of the Commonwealth that share in the Commonwealth's immunity and, likewise, are not considered "persons" subject to liability under § 1983. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *Callahan v. City of Philadelphia*, 207 F.3d 668, 673 (3d Cir. 2000) (holding that Pennsylvania's judicial districts "are not persons within section 1983"). Accordingly, Perry cannot state a plausible § 1983 claim against the 38th Judicial District.

In any event, Perry's claims challenging the constitutionality of his prosecution, conviction and related imprisonment are not cognizable in a civil rights action. That is because, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Here, the dockets for Perry's criminal cases reflect that his convictions are intact, yet he seeks expungement based on their alleged unconstitutionality. Such claims are not cognizable in a civil rights action. *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]").

**B. ADA Claims**

Perry also asserts claims under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This provision provides a cause of action for disabled individuals claiming that they were denied access to state courts because of their disabilities. *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004) ("[W]e conclude that Title II, as it applies to the class of cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment.").

To state a claim under Title II of the ADA, Perry must allege that: "'(1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability.'" *Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018) (quoting *Haberle v. Troxell*, 885 F.3d 170, 178-79 (3d Cir. 2018)). To allege that he is a "qualified individual with a disability," Perry must allege that he has a "disability" which is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual. . . ." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id*. at § 12102(2)(A).

"[T]he statute of limitations applicable to claims under Title II of the ADA . . . is the statute of limitations for personal injury actions in the state in which the trial court sits." *Disabled in*

*Action of Pa. v. Se. Pennsylvania Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008).    In

Pennsylvania, the relevant statute of limitations is two years. *Id.* (citing 42 Pa. Cons. Stat. § 5524).

"[A] federal cause of action accrues 'when the plaintiff discovers, or with due diligence should

have discovered, the injury that forms the basis for the claim.'"   *Id.* at 209 (quoting *Romero v.*

*Allstate Corp.*, 404 F.3d 212, 222 (3d Cir. 2005)).

      Here, the Court understands Perry to be alleging that his mental disabilities were not

accommodated by the Defendant during his criminal proceedings in Montgomery County, and,

possibly, the proceedings related to custody of his son.   However, he has not plausibly alleged that

he was prevented from accessing the courts or court proceedings or otherwise discriminated

against because of his disabilities.   In part, he alleges that he did not speak in court on the advice

of his attorney.   Thiscontention does not reflect that *the court* prevented Perry from participating

in services due to his disabilities.[8]   (*See* Compl. at 17.); *see also Douris v. New Jersey*, 500 F.

App'x 98, 101 (3d Cir. 2012) (*per curiam*) (affirming dismissal of plaintiff's claims where plaintiff

"was not excluded from the courthouse; rather, he chose not to enter, and when he did enter, he

was assisted when he needed to move between floors").   Although Perry also generally alleges that

he was denied the ability to "participate in or benefit from the public service of the courts programs,

services and activities including probationary treatment and legal proceedings" he has not alleged

any specific facts about court proceedings, services, or programs that he was meaningfully

prevented from participating in, or facts illustrating that he was prevented from participating in

such programs because of his disabilities.   In other words, this allegation is entirely conclusory.

---

[8]     The same is true to the extent Perry expresses dissatisfaction with the lawyer appointed to represent him in family proceedings related to his son (*see* Compl. at 20-23), since any alleged failures of counsel do not establish that Perry was discriminated against in court proceedings based on his disabilities by the Defendant.

Since nothing in the Complaint reflects that Perry was discriminated against in court services or proceedings because of his disabilities, his ADA claims are not plausible.

In any event, it is apparent from the public record that all of the events related to Perry's criminal proceedings in Montgomery County occurred between 2015 and 2017.  Further, Perry finished serving his sentence in 2018.  Perry did not file his Complaint until July 7, 2022, clearly, more than two years after the relevant events occurred.  Thus, his ADA claims related to his criminal proceedings are time-barred.  To the extent Perry is also raising ADA claims based on court proceedings related to his son that took place in 2016 and/or in May 2019, (Compl. at 23-24), those claims are also time-barred because it is apparent he was aware of those proceedings at the time they occurred.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Perry leave to proceed *in forma pauperis*, and dismiss his Complaint for failure to state a claim.  Perry will not be given leave to file an amended complaint because he cannot cure the defects in his claims.  An Order follows.